## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## ORANGEBURG DIVISION

| | | |
|---|---|---|
| Shaquan Burgess, | ) | |
| | ) | Civil Action No.: 5:20-cv-00782-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| | ) | |
| Bryan P. Stirling | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") filed on April 30, 2020. (ECF No. 21.) The Report addresses Plaintiff Shaquan Burgess' ("Plaintiff") suit under 42 U.S.C. § 1983 and recommends that the court dismiss the case for failure to prosecute (ECF No. 21 at 3.) For the reasons stated herein, the court **ACCEPTS** the Report (ECF No. 21) and **DISMISSES** the case pursuant to Fed. R. Civ. P. 41(b).

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards which this court incorporates herein without a full recitation. (ECF No. 21.) As brief background, on February 20, 2020, Plaintiff, proceeding *pro se*, filed his Complaint, alleging constitutional violations pursuant to 42 U.S.C. § 1983. (ECF No. 1.)

Plaintiff's chief complaint surrounds alleged mental and emotional injuries sustained after witnessing a riot at Lee Correctional Institution on April 15, 2018 where several inmates were stabbed or died. (ECF No. 1 at 5–6.) Plaintiff alleges the doors would not lock in the unit where he was housed, and he was forced to run and hide to save his life. *Id*. at 6.

1

Plaintiff further states he was diagnosed with PTSD and has flashbacks and nightmares about dead bodies but does not allege any physical injuries. *Id.* In terms of relief, Plaintiff seeks monetary damages. *Id*.

On March 4, 2020, the court issued an order notifying Plaintiff that his Complaint was subject to summary dismissal because he failed to allege sufficient factual allegations to state a claim. (ECF No. 9.) The order further advised Plaintiff that he had until March 18, 2020 to file an amended complaint or otherwise cure the identified deficiencies in his pleadings. *Id.* On March 19, 2020, the Magistrate Judge granted Plaintiff's Motion for Extension to file a response to the March 4, 2020 order (ECF No. 12.) Plaintiff's new deadline to file a response was changed to April 20, 2020.( ECF No. 12.) Plaintiff failed to file a response by April 20, 2020, and has also failed to respond to the Report. The Report is ripe for adjudication.

## II. STANDARD OF REVIEW

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The responsibility to make a final determination remains with the court. *Id*. at 271. As such, the court is charged with making de novo determinations of those portions of the Report and Recommendation to which specific objections are made. *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

### III. DISCUSSION

The parties were apprised of their opportunity to file objections to the Report on April 30, 2020. (ECF No. 21.) Objections to the Report were due by May 14, 2020. (ECF No. 21.) However, objections were due by May 17, 2020, if a party was served by mail or otherwise allowed under Fed. R. Civ. P. 6 or Fed. R. Crim. P. 45. (*Id*.) Neither party filed objections to the Report.

In the absence of timely objections to the Magistrate Judge's Report, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Instead, the court must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation. *Diamond v. Colonial Life & Acc. Ins. Co*., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). After a thorough and careful review of the record, the court finds the Magistrate Judge's Report provides an accurate summary of the facts and law in the instant case. (ECF No. 21.) Because there are no objections, the court adopts the Report herein. *Camby*, 718 F.2d at 199.

### IV. CONCLUSION

For the reasons above, the court **ACCEPTS** the Magistrate Judge's Report (ECF No. 21). Therefore, the court **DISMISSES** the case for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

4

**IT IS SO ORDERED.**

United States District Judge

May 28, 2020
Columbia, South Carolina